**6 PAGES**
THOMAS A. WILLOUGHBY, State Bar No. 137597
LAUREN M. KAWANO, State Bar No. 309273
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com
e-mail: lkawano@ffwplaw.com

Proposed Attorneys for Russell Wayne Lester

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms,<br><br><br>Debtor in Possession. | CASE NO.: 20-24123-E-11<br><br>Chapter 11<br><br>DCN: FWP-2, FWP-3, FWP-4, FWP-5, and FWP-6<br><br>Date: September 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 33 - Judge Ronald H. Sargis<br>501 I Street, 6th Floor<br>Sacramento, CA |

**OMNIBUS NOTICE OF HEARING ON:**

**(FWP-2) DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AN ORDER (A) AUTHORIZING INTERIM AND FINAL USE OF CASH COLLATERAL; (B) GRANTING REPLACEMENT LIENS; AND (C) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001;**

**(FWP-3) DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AUTHORITY TO PAY PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS, AND FOR RELATED RELIEF;**

**(FWP-4) DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR ORDER (A) PROHIBITING THE PACIFIC GAS AND ELECTRIC COMPANY FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, AND (B) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES UNDER 11 U.S.C. § 366;**

**(FWP-5) DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR ORDER (I)**

**AUTHORIZING AND APPROVING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) AUTHORIZING USE OF PRE-PETITION BANK ACCOUNTS AND BUSINESS FORMS, AND (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(B); AND**

**(FWP-6) DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR ORDER TO APPROVE THE TURNOVER OF FUNDS HELD BY RECEIVER SUBJECT TO A REASONABLE RESERVE FOR FUTURE FEE APPLICATIONS**

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Russell Wayne Lester, an individual, dba Dixon Ridge Farms, and the Debtor in Possession ("Debtor in Possession") in the above-referenced case, has filed the following motions ("First Day Motions") requesting the following relief:

1.      **(FWP-2) Debtor in Possession's Emergency Motion for an Order (A) Authorizing Interim and Final Use of Cash Collateral; (B) Granting Replacement Liens; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001.** This motion requests entry of an order:

a.    Authorizing the use of cash collateral of First Northern Bank ("FNB") Prudential Insurance Company of America ("Prudential") and any disputed producer liens asserted by any growers on the 2019 Grower List, attached to the Exhibit Document filed and served herewith as Exhibit A, that may exist  (collectively, "Secured Creditors") on an interim basis through September 16, 2020, or such other date as the Court determines, for the necessary expenses for the operation of Debtor in Possession's business in the estimated amount of $190,000.00 plus a 10% variance for emergencies during the pre-harvest period;

b.    Granting Secured Creditors a replacement lien in the cash collateral of Debtor in Possession to the extent cash collateral is actually used to the same extent, validity, scope, and priority as the prepetition liens held by Secured Creditors (the "Proposed Replacement Lien");

c.    Granting Secured Creditors a replacement lien in the Conservation Easement in the amount of the diminishment in their pre-petition cash collateral and to the same extent, validity, scope, and priority as the prepetition liens held by Secured Creditors;

d.    Setting a hearing during the week ending September 18, 2020 (the "Final Hearing"), and a briefing schedule for approval of the final use of cash collateral through

November 30, 2020;

  e. At the Final Hearing, approving the use of cash collateral of Secured Creditors on a final basis through November 30, 2020, in the amounts set forth in the Budget for actual and necessary costs and expenses that must be expended to preserve the assets of the estate; and

  f. For such other relief as is just and appropriate in the circumstances of this case.

**2. (FWP-3) Debtor in Possession's Emergency Motion for Authority to Pay Prepetition Wages, Compensation and Employee Benefits, and for Related Relief.** This motion requests entry of an order:

  a. Authorizing but not directing Debtor in Possession to pay and honor any and all pre-petition employee wages and other employee obligations in the ordinary course of business, including, without limitation, wages, salaries, compensation, sick leave and other benefits, reimbursable business expenses, bonuses, and any related taxes due thereon, including, without limitation, all federal, state, and local payroll taxes, deductions, and withholdings (collectively, "Employee Obligations") in amounts up to the limit of and as entitled to priority claim status under the provisions of section 507(a). The aggregate estimated pre-petition amount of Employee Obligations is approximately $45,000 as part of the emergency September 2, 2020 payroll;[1]

  b. Authorizing but not directing Debtor in Possession to continue honoring its practices, programs, and policies in effect as of the Petition Date with respect to all Employee Obligations on a post-petition basis;

  c. Authorizing and directing the bank at which Debtor in Possession maintains an account from which Debtor in Possession's payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts to honor and pay all prepetition and post-petition checks issued or to be issued, and fund transfers requested or to be requested, by Debtor in Possession in respect of the Employee Obligations; and

  d. For such other relief as is just and appropriate in the circumstances of this case.

**3. (FWP-4) Debtor in Possession's Emergency Motion for Order (A) Prohibiting**

---

[1] The proposed payroll does not include any Insiders as that term is defined in Section 101(31) of the Bankruptcy Code. One employee is not an insider, but is engaged to one of Debtor in Possession's daughters.

OMNIBUS NOTICE OF HEARING

-3-

the **Pacific Gas and Electric Company from Altering, Refusing or Discontinuing Service, and (B) Determining Adequate Assurance of Payment for Post-Petition Utility Services Under 11 U.S.C. § 366.**  This motion requests entry of an order:

  a. Prohibiting PG&E from altering, refusing or discontinuing service;

  b. Determining on an interim basis that the Debtor in Possession's furnishing of a deposit to PG&E in the amount of $50,000, which is equal to approximately two weeks average usage, constitutes adequate assurance of payment under section 366; and

  c. For such further relief as the Court deems necessary.

  **4.** **(FWP-5) Debtor in Possession's Emergency Motion for Order (I) Authorizing and Approving Continued Use of Existing Cash Management System, (II) Authorizing Use of Pre-Petition Bank Accounts and Business Forms, and (III) Waiving the Requirements of 11 U.S.C. § 345(b).**  This motion requests entry of an order:

  a. Authorizing and approving the debtor in possession's continued use of his existing cash management system,

  b. Authorizing the debtor in possession's continued use of pre-petition bank accounts and business forms, and

  c. Authorizing the debtor in possession's deposit practices and waiving the requirements of Section 345(b) in connection therewith.

  **5.** **(FWP-6) Debtor in Possession's Emergency Motion for Order to approve the Turnover of Funds Held by Receiver Subject to a Reasonable Reserve for Future Fee Applications.**  This motion requests entry of an order:

  a. Ordering the turnover to the debtor in possession of all pre-petition receiver's account funds currently held by Dennis Howell less a reasonable reserve for the receiver's fees costs and expense pending Court approval; and

  b. For such further relief as the Court deems necessary.

  **NOTICE IS FURTHER GIVEN** that all of the information contained in the above-referenced motions is not set forth in this notice.  The Debtor in Possession shall file its moving documents in support of all the First Day Motions on Monday, August 31, 2020, prior to 10:00

OMNIBUS NOTICE OF HEARING

-4-

a.m. (the "First Day Motions"). Copies of the First Day Motions and all supporting papers are a part of the Court's electronic record, which is the official record of the Court, and can be accessed either through the e-CalWebPACER information system (see http://www.caeb.uscourts.gov/ -- subscription required) or is available for inspection at computer terminals (printing is available), which are located at the Office of the Clerk, Suite 3-200, 501 I Street, Sacramento, California. Counsel for the debtor in possession will also post this notice, the motions and supporting documents on its web page, which may be accessed as follows: go to www.ffwplaw.com, then click the cases button (last button in the top right-hand corner of the home page), then click on the link to the following web address: https://ffwplaw.sharefile.com/login.aspx; then type the following in the Second box "cases@ffwplaw.com" (without quotes) and then type in the second password box "FFWPRlaw!Password1" (again without quotes). Then click on the "Log In" button; then click Dixon Ridge Farms, and then click on the document that you would like to review.

**NOTICE IS FURTHER GIVEN** that your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**NOTICE IS FURTHER GIVEN** that the First Day Motions are filed pursuant to Local Rule of Practice 9014-1(f)(1) and the Court's August 28, 2020 Order Authorizing Omnibus First Day Motions and Setting Initial Hearing For Omnibus Motion. (Docket No. 9). Any opposition to the granting of the relief sought in the First Day Motions may be presented at the hearing. If you do not want the Court to approve the First Day Motions, or if you want the Court to consider your views on the First Day Motions, you or your attorney must attend the hearing scheduled on September 1, 2020, at 1:30 p.m., to be held electronically at the United States Bankruptcy Court, 501 I Street, Courtroom 33, Sacramento, California, 95814, before the Honorable Ronald H. Sargis, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that Effective immediately until further notice by the Court (See General Order 618), all court hearings will be held telephonically, unless otherwise ordered by the Chief Judge of the Bankruptcy Court. For specific information about

OMNIBUS NOTICE OF HEARING

the operations of the Bankruptcy Court during this time, please see Chief Judge Sargis' Notice of Restricted Courthouse Access and Required Telephonic Appearances for Counsel and Parties which provides:

**PLEASE TAKE FURTHER NOTICE that if you are a pro se debtor or creditor** (a debtor or creditor without a lawyer), you may appear in court telephonically by calling Court Call, a third-party service at 1-866-582-6878.  The Court understands that pro se debtors may use this service without charge for now, but the Court urges you to check with Court Call.  If you would like to file a document, please file it by mail.  Check the Court's website for the mailing addresses of the Court's divisional offices.  You may also file a document by bringing it to the court and leaving it in a drop box the Court has in its lobby.  Court Security Officers will show you where the drop box is located.  The Court asks that you do not put cash in the drop box.  If you do leave cash in the drop box, the Court will not return any change due.  Cashier's checks and money orders will be accepted.  If you are an attorney, please use Court Call to telephonically appear in court hearings.  Court Call's number is 1-866-582-6878. The Court understands that wait-times are longer than usual, so please give yourself plenty of time. Any future changes or updates will be posted on the Court's website and communicated as appropriate.

**NOTICE IS FURTHER GIVEN** that interested parties can determine whether the matter has been resolved without oral argument or whether the Court has issued a tentative ruling, and can view any pre-hearing dispositions by checking the court's website at www.caeb.uscourts.gov after 4:00 P.M. the day before the hearing.  Parties appearing telephonically must view the pre-hearing dispositions prior to the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the First Day Motions and may enter orders granting the relief requested.

Date: August 28, 2020                    FELDERSTEIN FITZGERALD
                                         WILLOUGHBY PASCUZZI & RIOS LLP


                                         By:___/s/ Thomas A. Willoughby
                                         Thomas A. Willoughby
                                         Proposed Attorneys for Russell Wayne Lester

OMNIBUS NOTICE OF HEARING