**4 PAGES**

THOMAS A. WILLOUGHBY, State Bar No. 137597
LAUREN M. KAWANO, State Bar No. 309273
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com
e-mail: lkawano@ffwplaw.com

Proposed Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms,<br><br>　　　　　Debtor in Possession. | CASE NO.:  20-24123-E-11<br><br>Chapter 11<br><br>DCN:  FWP-2<br><br>Date:　　　September 1, 2020<br>Time:　　　1:30 p.m.<br>Courtroom: 33 – Judge Ronald H. Sargis<br>　　　　　　501 I Street, 6th Floor<br>　　　　　　Sacramento, CA |

**DECLARATION OF RUSSELL BURBANK IN SUPPORT OF DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AN ORDER
(A) AUTHORIZING INTERIM AND FINAL USE OF CASH COLLATERAL;
(B) GRANTING REPLACEMENT LIENS; AND (C) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

　　I, Russell Burbank, declare as follows:

　　1.　　I am a Senior Managing Director LLP ("BPM"), a full service audit, tax and consulting firm with over 50 partners and multiple offices throughout California, and I am also the Financial Advisor of Russell Lester, an individual, doing business as Dixon Ridge Farms (the "Debtor in Possession" or "Dixon Ridge Farms").  My responsibilities as Financial Advisor of the Debtor in Possession include advising Dixon Ridge Farms' management regarding the farm's financial condition and financial outlook and assisting with cash management.  I make this declaration in support of the Debtor in Possession's motion for entry of an order that (i)

approves the interim use of cash collateral at the hearing; (ii) authorizes the use of cash collateral on terms prescribed by the Court; (iii) sets a hearing on further uses of cash collateral; and (iv) grants such other and further relief as the Court deems just and proper under the circumstances ("Motion"). All terms not otherwise defined shall have the same meaning as in the Motion.

2. I am a Certified Turnaround Professional and have been, among other similar engagements, a financial or restructuring advisor to a 60,000 BPD integrated refining and marketing company; a 750-ton integrated paper mill; a $150 million dairy cooperative; a $750 million agriculture products trading company; and a $100 million semiconductor and photocell manufacturer. I also have served as interim CEO of a $15 million electronic components manufacturer and a $75 million oil products refining and marketing company. I have been Chapter 11 Trustee of a 1,500 head dairy; Chapter 11 Plan Administrator of a $175 million mortgage fund; and Operating Receiver of a $20 million telecom equipment company. I have also acted as a Liquidating Trustee for numerous venture backed companies in software, medical devices, life sciences, aerospace, financial services, pharmaceuticals, telecommunications, consumer products and electronics technologies following asset sales and/or orderly wind-downs.

3. I am over 18 years of age. If called as a witness, I could and would testify from my own personal knowledge with respect to the matters set forth in this Declaration. Except as otherwise noted, this Declaration is based upon my personal knowledge of the operations and finances of the Debtor in Possession, information learned from my review of relevant documents and information supplied to me by the Debtor in Possession and the Debtor in Possession's other advisors.

4. On or about August 15, 2020, I was approached by the Debtor in Possession's bankruptcy counsel regarding its need for a Financial Advisor with restructuring and bankruptcy experience, and on or about August 18, 2020, I interviewed with Mr. Lester, the Debtor in Possession's co-owner. On or about August 20, 2020, my firm was retained by Dixon Ridge Farms as its Financial Advisor.

Declaration in Support of Motion for
Authority to Use Cash Collateral

5. The Debtor in Possession has requested that BPM continue as its Financial Advisor under its Chapter 11 Bankruptcy case. I have invested numerous hours reviewing and analyzing the Debtor in Possession's capital structure, vendor and client relationships, and financial projections, and I believe BPM is well-qualified and able to act as the Debtor in Possession's Financial Advisor in a cost-effective, efficient, and timely manner.

6. As part of BPM LLP's engagement by the Debtor in Possession, I have become familiar with the Debtor in Possession's current financial condition and the value of the Debtor in Possession's assets. As of the Petition Date, the Debtor in Possession is indebted approximately $9.2 million to First Northern Bank of Dixon ("First Northern Bank") which the Debtor in Possession granted a security interest in the Debtor in Possession's inventory, equipment, accounts receivable, cash, and real property known as the Putah Creek Road property.

7. As of August 30, 2020, the Debtor in Possession's current cash totaled approximately $33,518.68. This sum consists of $3,445.35 of First Northern Bank's collateral. The Debtor in Possession intends to open two debtor in possession accounts today, including a tax account and an account from which to pay the pre-petition payroll.

8. As of the Petition Date, the estimated going concern value of First Northern Bank's collateral is approximately $24,103,420.

9. The Debtor in Possession requests the Court authorize a replacement lien in favor of First Northern Bank and the Debtor in Possession's other secured creditor, Prudential Insurance Company of America ("Prudential") and authorize the use of cash collateral of First Northern Bank on an interim basis through September 16, 2020, for necessary expenses in the amount of $166,325 plus a 15% variance for emergencies during the pre-harvest period, pursuant to the Budget attached as <u>Exhibit F</u> to the Exhibit Document filed in support of the Motion.

10. BPM produced the Budget with the assistance of the Debtor's employees. BPM reviewed numerous financial statements and data provided by the Debtor in Possession and interviewed the Debtor in Possession's employees.

11.     Based on my years of experience in liquidating and reorganizing a wide range of companies, my expert opinion is that First Northern Bank and the bankruptcy estate will benefit from the proposed cash collateral request as First Northern will receive replacement liens on all of its existing collateral as well as an additional lien on the pending $5.7 million conservation easement.

12.     The alternative of a denying the relief requested would likely result in the loss of the anticipated 2020 harvest totaling an estimated 1,200,000 pounds of in-shell walnuts. In this this event, funds from the bankruptcy estate would be necessarily used to remove the destroyed crop, further diminishing potential recovery of creditors.

13.     I believe that First Northern Bank is more than adequately protected by the replacement liens, including the lien on the conservation easement valued at $5.7 million and the value of the Debtor in Possession's real property, and that a failure to approve the cash collateral motion will cause the estate irreparable harm.

I declare under penalty of perjury that the foregoing it true and correct. Executed on August 31, 2020 at Mill Valley, California.

　　　　　　　　　　　　　　　　　　*/s/ Russell K. Burbank*  
　　　　　　　　　　　　　　　　　　RUSSELL K. BURBANK