**6 PAGES**

1  THOMAS A. WILLOUGHBY, State Bar No. 137597
   LAUREN M. KAWANO, State Bar No. 309273
2  FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
3  500 Capitol Mall, Suite 2250
   Sacramento, CA  95814
4  Telephone: (916) 329-7400
   Facsimile: (916) 329-7435
5  e-mail: twilloughby@ffwplaw.com
   e-mail: lkawano@ffwplaw.com
6
   Proposed Attorneys for Debtor in Possession
7

8                  UNITED STATES BANKRUPTCY COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11
   In re:                                CASE NO.:  20-24123-E-11
12
   RUSSELL WAYNE LESTER, an              Chapter 11
13 individual, dba Dixon Ridge Farms,
                                         DCN:  FWP-3
14
                                         Date:        September 1, 2020
15              Debtor in Possession.    Time:        1:30 p.m.
                                         Courtroom: 33 – Judge Ronald H. Sargis
16                                                    501 I Street, 6th Floor
                                                     Sacramento, CA
17

18     **DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AUTHORITY TO PAY**
19     **PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS, AND FOR**
                                  **RELATED RELIEF**
20
              1.     Russell Wayne Lester, an individual, dba Dixon Ridge Farms, and the debtor in
21
   possession ("Dixon Ridge Farms" or "Mr. Lester") in the above-referenced case, hereby moves
22
   the Court (the "Motion") pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(c), and 507(a) for entry of
23
   an order that (i) authorizes but does not direct Dixon Ridge Farms to pay and honor any and all
24
   pre-petition employee wages and other employee obligations in the ordinary course of business,
25
   including, without limitation, wages, salaries, compensation, sick leave, and overtime pay and
26
   any related taxes due thereon, including, without limitation, all federal, state, and local payroll
27
   taxes, deductions, and withholdings (collectively, "Employee Obligations") in amounts up to the
28

limit of and as entitled to priority claim status under the provisions of section 507(a), (ii) authorizes but does not direct Dixon Ridge Farms to continue honoring his practices, programs, and policies in effect as of the Petition Date with respect to all Employee Obligations on a post-petition basis, (iii) authorizes and directs the bank at which Dixon Ridge Farms maintains an account from which Dixon Ridge Farms' payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts to honor and pay all prepetition and post-petition checks issued or to be issued and fund transfers requested or to be requested, by Dixon Ridge Farms in respect of the Employee Obligations; and (iv) for such other relief as is just and appropriate in the circumstances of this case.

2.     This Motion is supported by the Omnibus Declaration of Russell Wayne Lester in support of the First Day Motions ("Omnibus Declaration"), the Memorandum of Points and Authorities filed in support of the Motion, the Declaration of Russell Wayne Lester ("Lester Decl.") containing facts specific to the Motion filed in support of this Motion, any exhibits filed in support of that declaration, and the Omnibus Notice of Motion.

3.     As discussed further in the Omnibus Declaration, Mr. Lester owns a family-run organic walnut farm in Winters, California known as Dixon Ridge Farms. The Lester family began farming in the Santa Clara Valley in 1883. Mr. Lester and his wife purchased their first ranch in Winters, CA in 1979 and established Dixon Ridge Farms shortly thereafter. Dixon Ridge Farms owns approximately 1,400 acres in Solano and Yolo Counties. It is on the verge of a walnut harvest where an estimated more than one million pounds of walnuts will be harvested. Omnibus Declaration at ¶ 2.

4.     The Omnibus Declaration includes detail and background such as the factors contributing to filing this Chapter 11 bankruptcy case, including protection of the assets of the estate such as the 2020 crop, and the interests of Dixon Ridge Farms' creditors. The contents of the Omnibus Declaration are not repeated here but are referenced and relied upon in support of this Motion.

5.     Dixon Ridge Farms employs approximately 22 employees ("Employees") including one field supervisor, one office manager, two processing supervisors, seven field

laborers, nine sorters, and one processing and production manager. There are no Insiders, as defined in Section 101(31) of the Bankruptcy Code, included in this payroll or anticipated to be in future payrolls after the filing. However, for the sake of full disclosure, an employee, William C. Rolewicz, is engaged to Mr. Lester's daughter, Summer. Lester Decl. at ¶ 4.

6.    Dixon Ridge Farms' bankruptcy petition will very likely cause the Employees to question their future with Dixon Ridge Farms.  While these Employees have demonstrated loyalty to Dixon Ridge Farms despite the uncertainty during the months prior to the commencement of this case, a lack of stability with regard to compensation and benefits may lead to a rash of Employee departures.  Dixon Ridge Farms' Employees are essential to the success of its business. The disruption to Dixon Ridge Farms' business from the loss of Employees and the cost of replacing Employees and training new employees will outweigh the cost of honoring the pre-petition Employee Obligations.   Thus, any significant number of Employee departures or deterioration in morale at this time will substantially and adversely impact Dixon Ridge Farms' business and result in immediate and irreparable harm to the creditors and estate.  Consequently, it is critical that Dixon Ridge Farms pay the Employee Obligations on the next regular payroll date and continue the ordinary course personnel policies, programs and procedures that were in effect prior to the Petition Date.  Moreover, if the checks issued and fund transfers requested in payment of the Employee Obligations are dishonored, or if such accrued obligations are not timely honored post-petition, Dixon Ridge Farms' Employees will suffer extreme hardship and may be unable to pay their daily living expenses.  Thus, authorizing Dixon Ridge Farms to pay the pre-petition payroll to all Employees with the post-petition amounts due on time and without disruption is absolutely critical to the success of this bankruptcy case. Lester Decl. at ¶ 5.

7.    In the ordinary course of business, Dixon Ridge Farms generally issues payroll checks every two weeks for work performed from the prior two full weeks.  Dixon Ridge Farms' last payroll checks for Employees prior to the Petition Date were issued on August 19, 2020 and related to the pay period from August 3, 2020 to August 16, 2020.  The next payday for the Employees will be on September 2, 2020 and will relate to the pay period from August 17, 2020 to August 30, 2020. Lester Decl. at ¶ 6.

8. The total estimated amount of the projected accrued and unpaid pre-petition payroll portion to be disbursed post-petition is expected to be approximately $39,196.70 in the aggregate as detailed per employee in the Payroll Summary attached as <u>Exhibit F</u> to the Exhibit Document in support of the Motion, filed herewith. Lester Decl. at ¶ 7.

9. This Motion only seeks authorization to pay Employee Obligations to the extent that such obligations are priority claims under the provisions of Bankruptcy Code § 507(a)(4) for the wages of employees of Dixon Ridge Farms, up to $13,650 per Employee, for unpaid wages earned within 180 days before the Petition Date. The wages, salaries, workers' compensation, sick leave, overtime pay, and any related taxes due thereon that Dixon Ridge Farms seeks to pay or otherwise honor generally constitute priority claims under the Bankruptcy Code to the extent of $13,650 per Employee. These priority claims are entitled to payment in full before the general unsecured creditors of the estate receive a distribution. As detailed on <u>Exhibit F</u> to the Exhibit Document, the amount of the pre-petition Employee Obligations per Employee are substantially less than the $13,650 cap.

10. In addition, Dixon Ridge Farms seeks authority to pay deductions such as garnishments, support payments, as well as money withheld by Dixon Ridge Farms from Employees' paychecks on account of various federal, state, and local income, FICA, Medicare, and other taxes which all fall within Sections 541(b)(7) or 541(d) and do not constitute property of the estate and not available to pay creditors. To avoid disruption to Dixon Ridge Farms' business operations, and the interest charges that could result from the nonpayment of these Employee deductions, the Court should permit the Employee deductions to be paid to the appropriate third parties.

11. Pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Court may grant relief regarding a motion to pay all or part of a pre-petition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate or irreparable harm. The Employees are integral to Dixon Ridge Farms' business. Failure to satisfy obligations to Dixon Ridge Farms' employees in the ordinary course of business during the first 21 days of this chapter 11 case may cause Employees to leave Dixon Ridge Farms' employ and severely

disrupt Dixon Ridge Farms' business at this critical juncture. Moreover, the Employees rely on their compensation to pay their living expenses and the effect could be financially damaging to the Employees if Dixon Ridge Farms cannot pay them in the ordinary course of business. Accordingly, Dixon Ridge Farms submits it has satisfied the requirements of the Bankruptcy Rule 6003 to support immediate payment of its Employee Obligations.

12. Furthermore, Section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession, without notice or a hearing, to use property of the estate in the ordinary course of business. Dixon Ridge Farms asserts that the payment of Employee Obligations is a use of property in the ordinary course of business, and thus, further court approval is not required. To avoid any uncertainty, however, Dixon Ridge Farms seeks Court authorization to continue to have the discretion to retain, compensate, and provide various benefits to employees of Dixon Ridge Farms as may be necessary to operate its business and to perform the duties that may be required of a debtor in possession under Chapter 11 of the Bankruptcy Code.

WHEREFORE, Dixon Ridge Farms respectfully requests that the Court grant this Motion in its entirety and enter an order:

1. Authorizing but not directing Dixon Ridge Farms to pay and honor any and all pre-petition employee wages and other employee obligations in the ordinary course of business, including, without limitation, wages, salaries, workers' compensation, sick leave, and overtime pay and any related taxes due thereon, including, without limitation, all federal, state, and local payroll taxes, deductions, and withholdings (collectively, "Employee Obligations") in amounts up to the limit of and as entitled to priority claim status under the provisions of Section 507(a) of the Bankruptcy Code;

2. Authorizing but not directing Dixon Ridge Farms to continue honoring its practices, programs, and policies in effect as of the Petition Date with respect to all Employee Obligations on a post-petition basis;

3. Authorizing and directing the bank at which Dixon Ridge Farms maintains an account from which its payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts to honor and pay all prepetition

1  and post-petition checks issued or to be issued and fund transfers requested or to be requested,

2  by Dixon Ridge Farms in respect of the Employee Obligations; and

3          4.       Providing for such other relief as is just and appropriate in the circumstances of

4  this case.

5

6  Dated:  August 31, 2020

                        FELDERSTEIN FITZGERALD
7                       WILLOUGHBY PASCUZZI & RIOS LLP

8                       By:   /s/ Thomas A. Willoughby
                        THOMAS A. WILLOUGHBY
9                       Proposed Attorneys for Debtor in Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28