**6 PAGES**

THOMAS A. WILLOUGHBY, State Bar No. 137597
LAUREN M. KAWANO, State Bar No. 309273
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com
e-mail: lkawano@ffwplaw.com

Proposed Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms,<br><br><br>Debtor in Possession. | CASE NO.: 20-24123-E-11<br><br>Chapter 11<br><br>DCN: FWP-3<br><br>Date: September 1, 2020<br>Time: 1:30p.m.<br>Courtroom: 33 – Judge Ronald H. Sargis<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DECLARATION OF RUSSELL WAYNE LESTER IN SUPPORT OF DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AUTHORITY TO PAY PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS**

I, Russell Wayne Lester, declare as follows:

1.     I am Russell Wayne Lester, the debtor in possession in the above-captioned chapter 11 case. I am generally familiar with my farm's day-to-day operations, business affairs and books and records.

2.     All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by my retained professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to my farm operations, financial condition and related business issues. The documents submitted herewith, referenced herein or

otherwise relied upon by me for purposes of this Declaration are my farm business records, prepared and kept in ordinary and regularly conducted business activity of the farm, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

3. I make this Declaration in support of my motion (the "Motion") for entry of an order that (i) authorizes but does not direct Dixon Ridge Farms to pay and honor any and all pre-petition employee wages and other employee obligations in the ordinary course of business, including, without limitation, wages, salaries, workers' compensation, sick leave, and overtime pay and any related taxes due thereon, including, without limitation, all federal, state, and local payroll taxes, deductions, and withholdings (collectively, "Employee Obligations") in amounts up to the limit of and as entitled to priority claim status under the provisions of Section 507(a) of the Bankruptcy Code, (ii) authorizes but does not direct Dixon Ridge Farms to continue honoring its practices, programs, and policies in effect as of the Petition Date with respect to all Employee Obligations on a post-petition basis, (iii) authorizes and directs the bank at which Dixon Ridge Farms maintains an account from which Dixon Ridge Farms' payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts to honor and pay all prepetition and post-petition checks issued or to be issued and fund transfers requested or to be requested, by Dixon Ridge Farms in respect of the Employee Obligations; and (iv) for such other relief as is just and appropriate in the circumstances of this case. All terms not otherwise defined herein have the same meaning as the memorandum of points and authorities filed in support of the Motion.

4. I employ approximately 22 employees ("Employees") including one field supervisor, one office manager, two processing supervisors, seven field laborers, nine sorters, and one processing and production manager. There are no Insiders (as that term from the Bankruptcy Code has been defined for me) included in this payroll or anticipated to be in future payrolls after the filing. However, for the sake of full disclosure, an employee, William C. Rolewicz, is engaged to my daughter Summer.

5. Dixon Ridge Farms' bankruptcy petition will very likely cause the Employees to

question their future with Dixon Ridge Farms. While these Employees have demonstrated loyalty to Dixon Ridge Farms despite the uncertainty during the months prior to the commencement of this case, a lack of stability with regard to compensation and benefits may lead to a rash of Employee departures. Dixon Ridge Farms' Employees are essential to the success of its business. The disruption to Dixon Ridge Farms' business from the loss of Employees and the cost of replacing Employees and training new employees will outweigh the cost of honoring the pre-petition Employee Obligations. Thus, any significant number of Employee departures or deterioration in morale at this time will substantially and adversely impact Dixon Ridge Farms' business and result in immediate and irreparable harm to the creditors and estate. Consequently, it is critical that Dixon Ridge Farms pay the Employee Obligations on the next regular payroll date and continue the ordinary course personnel policies, programs and procedures that were in effect prior to the Petition Date. Moreover, if the checks issued and fund transfers requested in payment of the Employee Obligations are dishonored, or if such accrued obligations are not timely honored post-petition, Dixon Ridge Farms Employees will suffer extreme hardship and may be unable to pay their daily living expenses. Thus, authorizing Dixon Ridge Farms to pay the pre-petition payroll to all Employees with the post-petition amounts due on time and without disruption is absolutely critical to the success of this bankruptcy case.

6.      In the ordinary course of business, Dixon Ridge Farms generally issues payroll checks every two weeks for work performed from the prior two full weeks. Dixon Ridge Farms' last payroll checks for Employees prior to the Petition Date were issued on August 19, 2020 and related to the pay period from August 3, 2020 to August 16, 2020. The next payday for the Employees will be on September 2, 2020 and will relate to the pay period from August 17, 2020 to August 30, 2020.

7.      The total estimated amount of the projected accrued and unpaid pre-petition payroll portion to be disbursed post-petition is expected to be approximately $39,196.70 in the aggregate as detailed per employee in the Payroll Summary attached as <u>Exhibit F</u> to the Exhibit Document in support of the Motion, filed herewith.

**Sick Leave Obligations**

8.      All Employees can accrue up to 48 hours of paid sick leave per year which accrues pursuant to California state law requirements and can be carried over to the following year.

9.      I submit that the total estimated amount of the projected accrued and unpaid sick leave to be disbursed post-petition is expected to be approximately $217.86. Exhibit F to Exhibit Document.

10.     I submit that Dixon Ridge Farms seeks authority, but not direction, to pay Employees for overtime pay in accordance with Dixon Ridge Farms' pre-petition policies. The total estimated amount of the projected accrued and unpaid overtime pay to be disbursed post-petition is expected to be approximately $4,992.32. Exhibit F to Exhibit Document.

11.     I submit that Dixon Ridge Farms seeks authority, but not direction, to pay certain employees for workers' compensation in the approximate amount of $2,290.76.

12.     I submit that the requested relief will reduce the administrative burden that otherwise would be imposed in this case.  The Employee Obligations that Dixon Ridge Farms seeks to pay or otherwise honor constitute priority claims under the Bankruptcy Code pursuant to the per employee $13,650 individual cap of section 507(a)(4) of the Bankruptcy Code.

13.     Set forth below is a chart detailing the aggregate cost of honoring the Employee Obligations and whether such payments are anticipated to be priority claims under section 507(a)(4).  The individual payments per employee are detailed on Exhibit F to the Exhibit Document.

//
//
//
//
//
//
//

| Proposed Payment to or on Behalf of Employees | Total Number of Impacted Employees | Estimated Total Pre-petition Amount proposed to be paid through 8/29/2020 |
|---|---|---|
| Pre-Petition Wages (507(a)(4)) | 22 | $31,695.26 |
| Sick Leave Pay (507(a)(4)) | 2 | $217.86 |
| Overtime Pay (507(a)(4)) | 12 | $4,992.32 |
| Workers' Compensation (507(a)(4)) | 22 | $2,290.76 |
| **Totals:** | | **$39,196.20** |

Exhibit F to Exhibit Document.

14.    I submit that Dixon Ridge Farms is only asking to pay Employee Obligations to the extent that such obligations are priority claims under section 507(a)(4) for the wages and benefits of employees of Dixon Ridge Farms, respectively, up to $13,650, for unpaid wages and benefits earned within 180 days before the Petition Date.  Dixon Ridge Farms' Employees are essential to the success of the continuation of his business.  The cost of losing the Employees will outweigh the cost of honoring the pre-petition Employee Obligations.

///

///

///

///

///

///

///

///

15.   I submit that the amounts to be paid pursuant to the Motion are de minimis in light of the importance and necessity of preserving the Employees' services and morale and the difficulties and losses Dixon Ridge Farms and the bankruptcy estate will suffer if Employees leave in significant numbers.  I also submit that there is ample justification for my assertion that even the slightest delay in providing this relief to its Employees will hamper the farm's operations and damage the bankruptcy estate and, as a consequence, I am anxious to reassure my Employees, some of which have worked for Dixon Ridge Farms for decades.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 30, 2020 at Winters, California.

RUSSELL WAYNE LESTER