THOMAS A. WILLOUGHBY, State Bar No. 137597
LAUREN M. KAWANO, State Bar No. 309273
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com
e-mail: lkawano@ffwplaw.com

Proposed Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms,<br><br>Debtor in Possession. | CASE NO.: 20-24123-E-11<br><br>Chapter 11<br><br>DCN: FWP-5<br><br>Date: September 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 33 – Judge Ronald H. Sargis<br>              501 I Street, 6th Floor<br>              Sacramento, CA |

**DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR ORDER (I) AUTHORIZING AND APPROVING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) AUTHORIZING USE OF PRE-PETITION BANK ACCOUNTS AND BUSINESS FORMS, AND (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b)**

Russell Wayne Lester, an individual, doing business as Dixon Ridge Farms, and the debtor in possession ("Dixon Ridge Farms" or "Mr. Lester") in the above-referenced case, hereby moves the Court for an order (i) authorizing and approving Dixon Ridge Farms' continued use of its existing cash management system, (ii) authorizing Dixon Ridge Farms' continued use of pre-petition bank accounts and business forms, and (iii) authorizing Dixon Ridge Farms' deposit practices and waiving the requirements of Section 345(b) in connection therewith (the "Motion"). This Motion is supported by the Omnibus Declaration of Russell Wayne Lester in support of the First Day Motions ("Omnibus Declaration"), the Declaration of Russell Wayne Lester in support

of this Motion ("Lester Decl."), and the Omnibus Notice.

**REQUEST FOR RELIEF**

1. By this Motion, Dixon Ridge Farms seeks entry of an order (a) authorizing and approving Dixon Ridge Farms to continue use of its existing cash management system, (b) authorizing Dixon Ridge Farms to continue using its pre-petition bank accounts and business forms, and (c) authorizing Dixon Ridge Farms' deposit practices and waiving the requirements of Section 345(b) in connection therewith. In connection with this requested relief, Dixon Ridge Farms respectfully requests a waiver of Local Rule 2015-2(a) and certain of the operating guidelines established by the Office of the United States Trustee that require debtors in possession to close all pre-petition bank, deposit, and investment accounts, to open and maintain new accounts designated as debtor in possession accounts, and to provide new business forms and stationary.

2. While Mr. Lester intends to open a debtor in possession bank account on Monday, September 1, 2020, in order to transfer funds that will be used to issue Dixon Ridge Farms' September 2 payroll obligations, in the event the required bank account cannot be opened or funds cannot be timely transferred, Dixon Ridge Farms submits this Motion for approval of the existing Cash Management System (defined below).

**JURISDICTION**

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and section 345 of Title 11 of the United States Code ("Bankruptcy Code"). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**STATEMENT OF FACTS**

4. As discussed further in the Omnibus Declaration, Mr. Lester owns a family-run organic walnut farm in Winters, California known as Dixon Ridge Farms. The Lester family began farming in the Santa Clara Valley in 1883. Mr. Lester and his wife purchased their first ranch in Winters, CA in 1979 and established Dixon Ridge Farms shortly thereafter. Dixon Ridge Farms owns approximately 1,400 acres in Solano and Yolo Counties. It is on the verge of a walnut

harvest where an estimated more than one million pounds of walnuts will be harvested. Omnibus Declaration at ¶ 2.

5. The Omnibus Declaration includes detail and background such as the factors contributing to filing this Chapter 11 bankruptcy case, including protection of the assets of the estate such as the 2020 crop, and the interests of Dixon Ridge Farms' creditors. The contents of the Omnibus Declaration are not repeated here but are referenced and relied upon in support of this Motion.

6. As of the Petition Date, Dixon Ridge Farms maintained funds in bank accounts at two financial institutions (collectively, the "Bank Accounts"): First Northern Bank of Dixon ("First Northern Bank") and Bank of the West ("BOW"). Both First Northern Bank and BOW are FDIC insured banking institutions which have complied with the United States special depository procedures under Bankruptcy Code section 345. Lester Decl. ¶ 4.

7. All of the above Bank Accounts, along with the purpose for each and the methods of earmarking funds and transferring funds between accounts are referred to collectively as the "Cash Management System." Lester Decl. ¶ 5.

8. Dixon Ridge Farms' Cash Management System is maintained in the ordinary course and is essential to Dixon Ridge Farms' ongoing operations. The Cash Management System provides significant benefits to Dixon Ridge Farms, including, among other things, the ability to: (i) account properly for all funds, distinguish sales proceeds from other proceeds such as loan proceeds; (ii) control funds; (iii) ensure the maximum availability of funds when necessary; (iv) reduce administrative expenses and operational disruption by facilitating the movement of funds and the development of more timely and accurate account balance information; and (v) continue accounting practices and operational procedures familiar to Dixon Ridge Farms and its staff. Lester Decl. ¶ 6.

9. While Mr. Lester will attempt to promptly open a debtor in possession account and transfer estate funds to that account in accordance with the US Trustee requirements and Local Rules, there is no assurance that such actions can be completed in time to make the next payroll due on September 2, 2020. The delay and disruption caused by closing the existing Bank

Accounts and opening new accounts would delay Dixon Ridge Farms' post-petition payment of its ordinary course expenses and put a strain on Mr. Lester's relations with his employees as detailed in the employee wage motion (FWP-3) filed concurrently with this Motion.  By preserving continuity and avoiding the disruption and delay to Dixon Ridge Farms' employees and activities pending opening of the new debtor in possession account, including payroll obligations and completing the 2020 walnut harvest, that would necessarily result from closing the existing Bank Accounts and opening new accounts, all parties in interest, including Secured Creditors and Dixon Ridge Farms' employees, will be best served.  The potential delays and confusion would further impede Dixon Ridge Farms' ability to pay operating expenses in the ordinary course, potentially compromising relationships with its employees and vendors.  This could seriously jeopardize Dixon Ridge Farms' reorganization efforts. Lester Decl. ¶ 7.

10. Pursuant to Bankruptcy Code section 105(a), Dixon Ridge Farms seeks a waiver of the United States Trustee requirements and Local Rule 2015-2(a) relating to the closing and re-opening of new bank accounts until such time as the accounts may be opened.  Such a requirement would unnecessarily disrupt Dixon Ridge Farms' operations and would not provide any significant benefit to the bankruptcy estate, creditors or parties in interest.

11. For the reasons stated above, Dixon Ridge Farms requests authority to preserve and continue its existing Cash Management System.  The existing Cash Management System includes necessary accounting controls to enable Dixon Ridge Farms, as well as its creditors and the Court, to trace funds through the system and ensure all transactions are documented and ascertainable.  The existing Cash Management System has proven to be an efficient and effective system to manage Dixon Ridge Farms' cash flow.  In accordance with past practices, Dixon Ridge Farms will continue to maintain current records with respect to all transactions involving its Cash Management System.  Given its central role in funding numerous of Dixon Ridge Farms' vital operating expenses, such as issuing payroll and paying vendor, Dixon Ridge Farms' inability to continue using the Cash Management System would severely, and perhaps irreparably, disrupt his operations.

12. Dixon Ridge Farms further requests authority to maintain and continue to use the

existing Bank Accounts in the names and with the account numbers existing immediately prior to the Petition Date until the debtor in possession account(s) can be open and funded. Dixon Ridge Farms requests authority to deposit funds in, and withdraw funds from, any such accounts by all usual means, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers and other debits, and to treat the existing accounts for all purposes as debtor-in-possession accounts.

13. Dixon Ridge Farms also requests a waiver of the requirement of Local Rule 2015-2(a) and UST Guideline 4.4.6 that Dixon Ridge Farms establish specific bank accounts for tax payments until such accounts may be opened and funded in due course.

14. To minimize administrative expense and delay, Dixon Ridge Farms requests authority to continue to use its correspondence and business forms, including, but not limited to, purchase orders, letterhead, envelopes, and checks, substantially in the form that they existed immediately prior to the Petition Date, without reference to Dixon Ridge Farms' status as a debtor in possession.

15. Dixon Ridge Farms further seeks a waiver of the deposit guidelines set forth in section 345(b) to the extent necessary to allow Dixon Ridge Farms to maintain its Bank Accounts.

**NOTICE**

16. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case. Notice of the Motion has been provided by e-mail, fax or overnight courier to the following parties in interest: (a) the Office of the United States Trustee, (b) the twenty (20) largest unsecured creditors of Dixon Ridge Farms (as identified in the list filed pursuant to Bankruptcy Rule 1007(d)), (c) secured creditors, (d) applicable governmental entities, and (e) any parties that have requested special notice. Due to the urgency of the circumstances surrounding the Motion and the nature of the relief requested herein, Dixon Ridge Farms respectfully submits that no further notice of the Motion is required.

**CONCLUSION**

17. WHEREFORE, Dixon Ridge Farms respectfully requests that the Court enter an order, in the form attached hereto (i) authorizing and approving Dixon Ridge Farms to continue

use of its existing cash management system, (ii) authorizing Dixon Ridge Farms to continue using its pre-petition bank accounts and business forms, and (iii) authorizing Dixon Ridge Farms' deposit practices and waiving the requirements of Section 345(b) in connection therewith.

Dated: August 31, 2020

                                        FELDERSTEIN FITZGERALD
                                        WILLOUGHBY PASCUZZI & RIOS LLP

                            By:   */s/ Thomas A. Willoughby*_____
                                  THOMAS A. WILLOUGHBY
                                  Proposed Attorneys for Debtor in Possession

DEBTOR IN POSSESSION'S MTN FOR USE OF CASH MGMT SYSTEM