|   |   |
|---|---|
| 1 | THOMAS A. WILLOUGHBY, State Bar No. 137597 |
| 2 | LAUREN M. KAWANO, State Bar No. 309273 |
|   | FELDERSTEIN FITZGERALD |
| 3 | WILLOUGHBY PASCUZZI & RIOS LLP |
|   | 500 Capitol Mall, Suite 2250 |
| 4 | Sacramento, CA  95814 |
|   | Telephone: (916) 329-7400 |
| 5 | Facsimile: (916) 329-7435 |
|   | e-mail: twilloughby@ffwplaw.com |
| 6 | e-mail: lkawano@ffwplaw.com |

Proposed Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re: | CASE NO.: 20-24123-E-11 |
|---|---|
| RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms, | Chapter 11 |
|  | DCN:  FWP-6 |
| Debtor in Possession. | Date: September 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 33 – Judge Ronald H. Sargis<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR TURNOVER OF FUNDS HELD BY STATE COURT RECIVER**

Pursuant to 11 U.S.C. §§ 542 and 543, Russell Wayne Lester, an individual, doing business as Dixon Ridge Farms, and the debtor in possession ("Debtor in Possession") in the above referenced Chapter 11 case (the "Chapter 11 Case") hereby files this Emergency Motion For Turnover of Funds (the "Motion") Held by State Court Receiver (defined below), and respectfully represents:

**JURISDICTION**

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 9014-1(f)(4). This is a core proceeding pursuant to 11. U.S.C. § 543(b)

///

///

-1-

and 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## REQUEST FOR RELIEF

1.   By this Motion, the Debtor in Possession respectfully requests the Court enter an order:

   a.   Compelling the turnover of all the Debtor in Possession's funds currently held by the State Court Receiver less a reserve requested by State Court Receiver in the amount of $58,655.89 (the "Receiver's Reserve");

   b.   Compelling any remaining balance in the Receiver's Reserve to be turned over to bankruptcy estate once the Receiver's accounting and administrative claim applications are resolved; and

   c.   Such other relief as is just and appropriate in the circumstances of this Motion.

## FACTUAL BACKGROUND

2.   The facts and background respecting the present Chapter 11 Case is set forth in more detail in the Omnibus Declaration of Russell Wayne Lester, which is incorporated herein by this reference.

3.   Prior to the Chapter 11 filing, First Northern Bank of Dixon filed an action in the Solano County Superior Court, Case No. FCS054698, which sought appointment of a receiver over certain assets of the Debtor in Possession. Donald G. Howell was appointed the receiver (the "State Court Receiver").

4.   Shortly after the present Chapter 11 case filing, the Debtor in Possession's counsel reached out to counsel for the State Court Receiver and requested all Debtor in Possession's funds held by the State Court Receiver's accounts be turned over immediately.

5.   The State Court Receiver's counsel requested that an order be entered, which allowed the State Court Receiver to reserve a reasonable amount for his and his counsel's fees and costs.

-2-

EMERGENCY MOTION FOR TURNOVER OF RECEIVER FUNDS

6.　　The Debtor in Possession agreed and added the present Motion to the list of First Day Motions.

7.　　After the first call, the State Court Receiver's counsel sent Debtor in Possession's counsel an email detailing that the State Court Receiver was holding approximately $155,000 in the receivership checking and savings accounts, and requested that he be allowed to reserve the State Court Receiver's and his counsel's fees and costs in the receivership through August 27, 2020 in the amount of $76,344.11, and $20,000 to cover the State Court Receiver's and his counsel's anticipated fees and costs to be incurred post-petition complying with the State Court Receiver's turnover requirements and filing the necessary pleadings in the bankruptcy court for approval of the State Court Receiver's Account and Fees and Expenses. *See* Declaration of Thomas A. Willoughby, filed concurrently herewith.

8.　　The Debtor in Possession has agreed to the proposed Receiver's Reserve, but reserves all rights to comment on, oppose, or support any of the State Court Receiver's applications to approve its accounting fees or expenses in the receivership action or in this Chapter 11 Case.

WHEREFORE, the Debtor in Possession respectfully requests that the Court grant the relief requested herein.

Dated: August 31, 2020　　　　　　　　　FELDERSTEIN FITZGERALD
　　　　　　　　　　　　　　　　　　　WILLOUGHBY PASCUZZI & RIOS LLP


By　*/s/ Thomas A. Willoughby*
　　　Thomas A. Willoughby
　　　Proposed Attorneys for Debtor in Possession