THOMAS A. WILLOUGHBY, State Bar No. 137597
LAUREN M. KAWANO, State Bar No. 309273
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
email: twilloughby@ffwplaw.com
email: lkawano@ffwplaw.com

Proposed Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re:<br><br>RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms,<br><br>Debtor in Possession. | CASE NO.:  20-24123-E-11<br><br>Chapter 11<br><br>DCN:  FWP-6<br><br>Date: September 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 33 – Judge Ronald H. Sargis<br>501 I Street, 6th Floor<br>Sacramento, CA |
|---|---|

**DECLARATION OF THOMAS A. WILLOUGHBY IN SUPPORT OF DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR TURNOVER OF FUNDS HELD BY STATE COURT RECEIVER**

I, Thomas A. Willoughby, state and declare as follows:

1. I am an attorney at law duly licensed to practice law before all the Court's of the State of California and before this Court. I am a partner in Felderstein Fitzgerald Willoughby Pascuzzi and Rios, LLP, proposed counsel to the debtor in possession herein. I can and will testify competently to the following based on personal knowledge.

2. Based on my review of filed pleadings, First Northern Bank of Dixon filed an action in the Solano County Superior Court, Case No. FCS054698, which sought the

appointment of a receiver over certain assets of the Debtor in Possession. Donald G. Howell was appointed the receiver (the "State Court Receiver").

3. Shortly after the present Chapter 11 filing, I contacted counsel for the State Court Receiver, Mr. Christopher E. Seymour to discuss the turnover of the Debtor in Possession's funds now held by the State Court Receiver. I suggested the possibility of a reserve, and I mentioned that I was in the process of preparing first day motions and could include a turnover motion that sought approval for the reserve.

4. After our first call, I received an email from Mr. Seymour stating that the State Court Receiver was holding approximately $155,000 in the receivership checking and savings accounts and requesting that the Receiver's Reserve (as defined in the Motion) include $76,344.11 for the State Court Receiver's and his counsel's fees and costs through August 27, 2020, and $20,000 for the additional fees and costs to be incurred post-petition to comply with the State Court Receiver's turnover requirements to return the assets to the Debtor in Possession, and for the cost of filing the necessary applications for approval of the State Court Receiver's accounting and fees and expenses by the bankruptcy court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2020 at Sacramento, California.

                             */s/ Thomas A. Willoughby*
                             THOMAS A. WILLOUGHBY