**4 PAGES**

Jason J. DeJonker (*pro hac vice admission granted*)
Nicholas R. Marcus (*pro hac vice admission granted*)
**Bryan Cave Leighton Paisner LLP**
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone 312.602.5005
Jason.DeJonker@bryancave.com
Nick.Marcus@bryancave.com

**Counsel for Secured Creditor**
**The Prudential Insurance Company of America**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| IN RE: )<br><br>)<br>RUSSELL WAYNE LESTER, an individual )<br>d/b/a Dixon Rudge Farms )<br>)<br>      Debtor. )<br>)<br>)<br>) | Case No. 20-24123-E-11<br><br>Chapter 11 |

**SECURED CREDITOR PRUDENTIAL'S SECOND**
**SUPPLEMENTAL, CONDITIONAL OBJECTION TO**
**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING**
**FINAL USE OF CASH COLLATERAL AND GRANTING**
**REPLACEMENT LIENS AND RESERVATION OF RIGHTS**

Secured creditor Prudential,[1] as secured lender to Debtor, through counsel, files this Second Supplemental, Conditional Objection and Reservation of Rights (the "**Second Supplemental Objection**") to *Debtor's Motion for an Order Authorizing Final Use of Cash Collateral and Granting Replacement Liens* (the "**Motion**") and states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in Prudential's *Objection to Debtor's Motion for an Order Authorizing Final Use of Cash Collateral and Granting Replacement Lien* (the "**Initial Objection**"), filed with this Court on September 14, 2020 (Docket No. 119), and Prudential's *Supplemental Objection to Debtor's Motion for an Order Authorizing Final Use of Cash Collateral and Granting Replacement Lien* (the "**Supplemental Objection**"), filed with this Court on September 28, 2020 (Docket No. 175).

I.    **<u>Objection.</u>**

1.    Since the October 1, 2020 interim cash collateral hearing, Debtor and Prudential have held negotiations regarding cash collateral and Debtor's reorganization.  However, while Debtor and Prudential have made progress in these negotiations, Debtor's general going-forward plan remains largely unchanged from when Prudential filed the Supplemental Objection – using inventory, the conservation easement, and sales of Prudential's real estate collateral in the midst of a depressed and uncertain walnut market.  As a result, Prudential's concerns about the direction of Debtor's bankruptcy case and ability to reorganize remain largely unchanged.  Such issues relate not only to the value of Debtor's existing inventory (much of it which is significantly dated), but also to the value of Debtor's real property (most of which is subject to Prudential's security interests) and the near- and medium-term viability of the walnut market and Debtor's operations therein.

2.    As such, Prudential restates and reiterates the objections and reservations of rights made in the Initial Objection and the Supplemental Objection.

3.    Nonetheless, despite these objections, Prudential will consent to a short extension of Debtor's use of cash collateral (through a date to be determined in November 2020) premised on: (a) Prudential receiving the scheduled interest payments, as adequate protection, originally proposed in Debtor's initial 13-week budget and cash collateral motion; and (b) payment of Prudential's legal fees and costs (which is typical for a fully (if not over) secured creditor in a Chapter 11 bankruptcy case).

II.    **<u>Reservation of Rights</u>**

4.    Nothing in this Second Supplemental Objection is intended to be or should be considered an acceptance of the property valuations submitted by Debtor.  Prudential reserves all

rights to challenge such valuations and has recently engaged a local firm to appraise the value of its real estate collateral, the cost of which shall be added to the secured indebtedness Debtor owes to Prudential.

     5.     Finally, Prudential has not seen a draft of the proposed Final Cash Collateral Order. As a result, Prudential may have additional objections based upon the language of such order and reserves the right to make such further objections.

**III.**      <u>**Conclusion**</u>

     WHEREFORE, Prudential respectfully requests that this Court modify the relief requested in accordance with this Second Supplemental Objection and grant such other relief as this Court deems just and proper.

[*remainder of page intentionally left blank*]

Dated: October 26, 2020

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _/s/ Nicholas R. Marcus_
Jason J. DeJonker (*pro hac vice admission granted*)
Nicholas R. Marcus (*pro hac vice admission granted*)
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone 312.602.5005
Jason.DeJonker@bryancave.com
Nick.Marcus@bryancave.com

**Attorneys for Secured Creditor**
**The Prudential Insurance Company of America**