DOUGLAS H. KRAFT, ESQ. (State Bar No. 155127)
KRAFT LAW
11335 Gold Express Drive, Suite 125
Gold River, California 95670
Telephone: (916) 880-3040
Facsimile: (916) 880-3045

HOWARD NEVINS, SBN 119366
AARON A. AVERY, SBN 245448
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Facsimile: (916) 925-1127

Attorneys for First Northern Bank of
Dixon, Creditor

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No: 20-24123-E-11 |
| RUSSEL WAYNE LESTER, an individual, dba Dixon Ridge Farms, | Chapter 11 |
| Debtor in Possession. | DCN: FWP-2 |
| | Date: October 29, 2020<br>Time: 10:30 a.m.<br>Courtroom: 33 – Judge Ronald H. Sargis<br>501 I Street, 6th Floor<br>Sacramento, CA95814 |

## <u>CONDITIONAL CONSENT TO DEBTOR IN POSSESSON'S USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS</u>

First Northern Bank of Dixon, a California corporation ("**FNB**"), creditor in this case, hereby files its conditional consent (the "**Consent**") to the Motion For An Order Authorizing

Use of Cash Collateral and Granting Replacement Liens (the "**Motion**") filed by a debtor in possession, Russell Wayne Lester ("**Debtor in Possession**").

On September 1, 2020, Debtor in Possession made his Emergency Motion for and Order (A) Authorizing Interim and Final Use of Cash Collateral; (B) Granting Replacement Liens; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001( the "**Motion**"). On September 8, 2020, the Court entered its Order on the Motion (the "**First Interim Order**") which authorized the Debtor to use the cash collateral of Bank and Prudential Insurance Company of America ("**Prudential**") and any disputed producer lien creditors that may exist (collectively, "**Secured Creditors**") on an interim basis through September 16, 2020, for necessary expenses in the amount of $166,325.00 plus a 15% variance for emergencies during the pre-harvest period as described in the Motion.

In addition, for the purpose of attempting to provide adequate protection for the interests of the Secured Creditors, to the extent of any diminution in Secured Creditor's interest in the Debtor in Possession's pre-petition cash collateral caused by Debtor in Possession's post-petition use of such pre-petition cash collateral, the First Interim Order granted to the Secured Creditors:

a.    A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Debtor in Possession's post-petition cash collateral and proceeds thereof to the same extent and with the same priority that Secured Creditors' held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date, (the "**Cash Collateral Replacement Lien**");

b.    A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e)of the Bankruptcy Code in the Conservation Easement, as defined in the Motion, to the same extent and with the same priority that Secured Creditors held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "**Conservation Easement Replacement Lien**").

In addition, for the purpose of attempting to provide adequate protection for the

interests of Bank, to the extent of any diminution in Bank's interest in the Debtor's pre-petition cash collateral caused by Debtor's post-petition use of such pre-petition cash collateral, the Interim Order granted to Bank:

      a.     A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Putah Creek Road real property, as defined in the Motion to the same extent and with the same priority that the Bank held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "**Putah Creek Replacement Lien**");

      b.     To the extent that FNB does not already possess a valid, first priority lien in the Debtor's crops now growing or grown in the 2020 crop year (the "**2020 Crops**"), a valid, perfected, and enforceable first-priority lien, under Sections 105, 361(2), and 364(d) of the Bankruptcy Code on the all 2020 Crops, senior in priority to any other security interests and liens in the 2020 Crops, to the same extent and validity of the lien of FNB held in the Debtor's pre-petition cash collateral as of the Petition Date (the "**Post-Petition Crop Lien**").

The First Interim Order set a continued interim hearing on the Motion for September 17, 2020.

On September 25, 2020, the Court entered its second Order on the Motion (the "**Second Interim Order**") authorizing use of cash collateral on an interim basis through September 16, 2020, for necessary expenses in the amount of $189,233.00 plus a 10% variance for emergencies during the pre-harvest period as described in the Motion, as described in the Debtor in Possession's budget, attached as Exhibit 1 to the Second Order (the "**Amended Budget**"). The Second Interim Order continued to provide the Cash Collateral Replacement Lien, the Conservation Easement Replacement Lien, the Putah Creek Replacement Lien, and the Post-Petition Crop Lien (collectively, the "**Replacement Liens**"). The Second Interim Order set a continued interim hearing on the Motion for October 1, 2020.

On October 5, 2020, the Court entered its third Order on the Motion (the "**Third Interim Order**") authorizing use of cash collateral on an interim basis through the week ending October

39, 2020, for necessary expenses in the amount of $252,115 plus a 10% variance for emergencies during the pre-harvest period as described in the Motion, as described in the Amended Budget. The Third Interim Order continued to provide the Replacement Liens. The Third Interim Order set a continued interim hearing on the Motion for October 29, 2020.

## CONDITIONAL CONSENT

FNB conditionally consents to the Debtor in Possession's continued use of cash collateral through the week ending November 27, 2020, for necessary expenses in the amounts and for the purposes consistent with the amounts and purposes set forth in the Amended Budget for that period, with a 10% variance for emergencies in the pre-harvest period. FNB's consent is conditioned upon the following:

1. The Secured Creditors shall be granted the Replacement Liens, as set forth in the First Interim Order, the Second Interim Order, and the Third Interim Order (the "**Prior Orders**").

2. Counsel for FNB shall have approved the form of Order granting continued use of cash collateral, which shall be consistent with the form of the Prior Orders.

Dated: October 26, 2020          KRAFT LAW

*/s/ Douglas H. Kraft*
_____
Douglas H. Kraft
Attorney for First Northern Bank of Dixon