# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

**Case Title:** Russell Wayne Lester

**Case No.:** 20-24123 - E - 11
**Docket Control No.** FWP-2
**Date:** 10/29/2020
**Time:** 10:30 AM

**Matter:** [12] - Motion/Application Granting Replacement Liens [FWP-2] Filed by Debtor Russell Wayne Lester (isaf) [12] - Motion/Application Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 [FWP-2] Filed by Debtor Russell Wayne Lester (isaf) [12] - Motion/Application to Use Cash Collateral [FWP-2] Filed by Debtor Russell Wayne Lester (isaf)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Nancy Williams**
**Reporter: Diamond Reporters**
**Department: E**

**APPEARANCES for:**
**Movant(s):**
(by phone) Debtor - Russell Wayne Lester; (by phone) Debtor's Attorney - Thomas A. Willoughby
**Respondent(s):**
(by phone) Creditor's Attorney - Jason J. DeJonker; (by phone) Creditor's Attorney - Nicholas R. Marcus; Creditor's Attorney - Douglas H. Kraft; (by phone) Creditor's Attorney - Howard S. Nevins; Mr. Russell Burbank

## CIVIL MINUTES

Motion Granted

See Findings of fact and conclusions of law below

### ORDER TO BE PREPARED BY: Movant(s)

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor in Possession, creditors holding the twenty largest unsecured claims, creditors, parties requesting special notice, and Office of the United States Trustee on September 2, 2020. The initial emergency hearing was conducted on August 31, 2020, and the final hearing set by order of the court for September 17, 2020.

# The Motion for Authority to Use Cash Collateral is granted.

Russell Wayne Lester, an individual, dba Dixon Ridge Farms ("Debtor in Possession") moves for an order approving the use of cash collateral from:

a. Cash in Debtor in Possession's bank accounts totaling $182,405.24 (of which $3,445.35 of which First Northern Bank has a security interest),

b. Cash in Receiver's account totaling $58,655.89,

c. Cash in the personal bank accounts held by Debtor in Possession's wife, Kathleen Lester, totaling $33,518.68,

d. Inventory of approximately 3,915,003 pounds of walnuts valued by the Receiver at $3,759,737, and

e. Equipment necessary to harvest over one million pounds of currently unharvested walnuts.

("Property").

Debtor in Possession requests the use of cash collateral to be able to pay critical and necessary expenses of its operations. Debtor in Possession proposes to use cash collateral for the following expenses: harvesting the 2020 walnut crop, issuing payroll and related benefits, and paying for utilities.

**Emergency First Day Order**

On September 8, 2020, this court entered an emergency "first day order" authorizing the use of cash collateral on an interim basis, which also set a briefing schedule and the September 17, 2020 final hearing for this Motion. The court granted replacement liens for First Northern Bank of Dixon on the 2020 walnut crop (primed senior lien) and on the real property already subject to the Bank's deed of trust to the extent that the use of the Bank's cash collateral resulted in a reduction of the cash collateral available for that creditor.

The emergency first day order was issued with the participation of creditors having secured claims.

**October 1, 2020 Hearing and Interim Order**
**(Civil Minutes, Order; Dckts. 190, 187)**

At the October 1, 2020 hearing, agreement was reached to extend the use of cash collateral through and including October 31, 2020. Civil Minutes, Dckt. 190, at 16. This is to afford the parties time to address their communication issues and present the court with a

proposed budget, whether agreed to or ordered by the court upon consideration of the arguments and evidence of the respective parties. *Id.*

　　　　The court entered its order authorizing the use of cash collateral for the Interim Period. Dckt. 187.

## APPLICABLE LAW

Pursuant to 11 U.S.C. § 1101, a debtor in possession serves as the trustee in the Chapter 11 case when so qualified under 11 U.S.C. § 322. As a debtor in possession, the debtor in possession can use, sell, or lease property of the estate pursuant to 11 U.S.C. § 363, but is limited when that property is cash collateral as follows:

> (c)
>
> . . .
>
> (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—
>
> > (A) each entity that has an interest in such cash collateral consents; or
> >
> > (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.
>
> (3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.
>
> (4) Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control.

Since the use of cash collateral and the concept is well known to the experienced attorneys involved in this case, the court provides the brief discussion below from COLLIER ON BANKRUPTCY on the required adequate protection if a creditor's cash collateral is being used:

> [3] Form of Adequate Protection for Use of Cash Collateral
>
> In the context of a request for authorization to use cash collateral under section 363(c)(2), it is unlikely that the creditor will be able to receive the precise equivalent of cash collateral. However, section 363 does not require precise equivalency. The special treatment afforded cash collateral recognizes its unique status as the highest and best form of collateral but also establishes that upon an appropriate showing it can be used if the rights of the secured creditor can be adequately protected. Whether adequate protection may be said to exist will depend on a number of

factors, including the value of all collateral, the nature of the proposed use and the value of that which is being offered. While cases are quite varied, substitute liens, **equity cushions and operating controls have all been found sufficient**. [12]  But maintaining insurance and granting a right to inspect books and records, without more, is not sufficient, where business is declining. [12a]

> 12.  *In re James Wilson Assocs.*, 965 F.2d 160, 26 C.B.C.2d 1673 (7th Cir. 1992); *Prudential Ins. Co. v. Monnier (In re Monnier Bros.)*, 755 F.2d 1336, 12 C.B.C.2d 323 (8th Cir. 1985); *Martin v. Commodity Credit Corp.* 761 F.2d 472, 12 C.B.C.2d 974 (8th Cir. 1985); *Crocker Nat'l Bank v. American Mariner Indus. (In re American Mariner Indus.)*, 734 F.2d 426, 10 C.B.C.2d 910 (9th Cir. 1984), overruled on other grounds, *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740, 17 C.B.C.2d 1368 (1988); *Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470 (S.D.N.Y. 2013). Although the grant of an administrative priority is not adequate protection, see 11 U.S.C. § 361(3), at least one court has held that where the debtor failed to give proper notice to a creditor entitled to protection and failed to provide adequate protection, section 507(b) could provide an equitable solution. *See In re Center Wholesale, Inc.*, 759 F.2d 1440, 12 C.B.C.2d 1107 (9th Cir. 1985); *see also In re California Devices, Inc.*, 126 B.R. 82, 84 (Bankr. N.D. Cal. 1991) (purpose of section 507 is to "[e]stablish a failsafe system in recognition of the ultimate reality that protection previously determined the 'indubitable equivalent' … may later prove inadequate").

> 12a.  *In re Sterling Estates (Delaware), LLC*, 64 C.B.C.2d 1745, 2011 Bankr. LEXIS 54 (Bankr. N.D. Ill. Jan. 6, 2011).

3 Collier on Bankruptcy, Sixteenth Edition, ¶ 363.05[3].

Federal Rule of Bankruptcy Procedure 4001(b) provides the procedures in which a trustee or a debtor in possession may move the court for authorization to use cash collateral.  In relevant part, Federal Rule of Bankruptcy Procedure 4001(b) states:

> (b)(2) Hearing
>
> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of

only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

## DISCUSSION

**OCTOBER 29, 2020 HEARING**

As addressed at the prior hearing, the Debtor in Possession has prepared and presented a "simplified" budget form in support of the request for further use of cash collateral.

On October 14, 2020, Debtor in Possession filed the Declaration of Russell Burbank and a Simplified Budget as Exhibit A. Dckts. 206, 207. Mr. Russell Burbank is the Senior Managing Director of BPM LLC, a audit, tax, and consulting firm serving as the financial advisor to Debtor in Possession. Dckt. 206, ¶ 1. In this capacity, Mr. Burbank advises Debtor in Possession regarding the farm's financial condition and outlook and assisting with cash management. *Id.*, ¶ 2.

Mr. Burbank prepared the simplified budget now proposed by the Debtor in Possession, and testifies that it provides a streamlined form of the amended budget previously submitted (Dckt. 149) to the court and includes budget estimates for the month of December 2020. The October and November budgets remain the same. *Id.*, ¶ 6. Mr. Burbank testifies that the total estimated cash collateral needed for the November 6, 2020 through December 11, 2020 is $ $432,665, plus a 10% variance for emergencies. *Id.*, ¶ 7.

Debtor in Possession projects the following amounts as set out in the Simplified Budget, Exhibit A, Dckt. 207:

|  | October 2020 | November 2020 | December 2020 |
| --- | --- | --- | --- |
| Ending Inventory | $3,951,822 | $4,167,085 | $4,034,855 |
| Ending Accounts Receivable | $327,067 | $407,067 | $367,067 |
| Cash Receipts For the Month | $203,037 | $240,000 | $674,542 |
| Cash Disbursements for the Month | ($320,725) | ($233,520) | ($295,668) |

**Response of Prudential**

Prudential Insurance Company of America ("Prudential"), a creditor with a secured claim, filed its Response to the latest request for further use of cash collateral. Dckt. 222. While engaging in continuing discussions with the Debtor in Possession, Prudential continues to have reservations about the use in light of the age of the estate's nut inventory, the current state of the

market for walnuts, and the value of the real properties securing its claims that the Debtor in Possession would intend to market and sell.

Notwithstanding these reservations, Prudential will consent to a further use of cash collateral through a date to be set in November 2020, on the condition that:

> (a) Prudential receiving the scheduled interest payments, as adequate protection, originally proposed in Debtor's initial 13-week budget and cash collateral motion;
>
> and
>
> (b) payment of Prudential's legal fees and costs (which is typical for a fully (if not over) secured creditor in a Chapter 11 bankruptcy case). [FN.1]

------------------------------------------------------
FN. 1. While an oversecured creditor may recover legal fees and expenses as part of its secured claim, being oversecured may well mean that it is "adequately protected" with recovering those monies through the proper administration of the case and a Chapter 11 plan. However, the court also recognizes that parties working together in good faith to achieve a mutually advantageous financial result make timing accommodations consistent with the realistic recovery on claims.
------------------------------------------------------

At the hearing, Prudential said that it was generally amenable to the further use of cash collateral. Prudential does not waive the right to claim attorney's fees in the future.

**Response of First Northern Bank of Dixon**

First Northern Bank of Dixon ("FNBD"), a creditor with a secured claim, filed its Response to the request for further use of cash collateral. Dckt. 224. The Response summarizes the replacement liens ordered, as well as granting a first priority lien on the 2020 crop and proceeds thereof. As did Prudential, FNBD states that it too consents to the further use of cash collateral through the week ending November 27, 2020, conditioned on:

> 1. The Secured Creditors shall be granted the Replacement Liens, as set forth in the First Interim Order, the Second Interim Order, and the Third Interim Order (the "Prior Orders").

**OCTOBER 29, 2020 HEARING**

At the October 29, 2020 hearing, it was reported that FNBD has filed its consent, conditioned on the order for further use of cash collateral be consistent with the prior orders, including granting of the same form of adequate protection.

An issue has arisen as to the increase in processing expenses going up in December 2020. In discussions, the Debtor in Possession said that it was for property taxes, however, it was not clear what property taxes are included.

Counsel for the Debtor in Possession, FNBD and Prudential agreed to the further use of cash collateral be authorized through the week including December 11, 2020 ending.

With respect to the payment of the property taxes to be paid in December 2020, that are included in this cash collateral budget, such will be authorized to be paid by a further order of the court lodged with the consent of the Debtor in Possession, Prudential, and FNBD, or in the order authorizing this further use of cash collateral if they have agreed thereto prior to it being lodged with the court.

The Continued hearing on the Motion will be conducted on December 10, 2020 at 10:30 a.m. Supplemental pleadings requesting the further used of cash collateral shall be filed and served on or before November 25, 2020; Opposition filed and served on or before December 7, 2020; and Replies on or before noon on December 9, 2020.

Counsel for Debtor in Possession shall lodge with the court a proposed order consistent with this Ruling.