Filed 11/09/20　　　　Case 20-24123　　　　Doc 246

5 PAGES

THOMAS A. WILLOUGHBY, State Bar No. 137597
LAUREN M. KAWANO, State Bar No. 309273
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com
e-mail: lkawano@ffwplaw.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms,

　　　　Debtor in Possession.

CASE NO.: 20-24123-E-11

Chapter 11

DCN: FWP-2

5th Interim
Hearing:　December 10, 2020
Time:　　　10:30 a.m.
Courtroom: 33 – Judge Ronald H. Sargis
　　　　　　501 I Street, 6th Floor
　　　　　　Sacramento, CA

**FOURTH INTERIM ORDER ON DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AN ORDER (A) AUTHORIZING INTERIM AND FINAL USE OF CASH COLLATERAL; (B) GRANTING REPLACEMENT LIENS; AND (C) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

The fourth preliminary hearing on the Emergency Motion for an Order (A) Authorizing Interim and Final Use of Cash Collateral; (B) Granting Replacement Liens; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 (the "Motion"), submitted by the above-captioned Debtor in Possession ("Debtor in Possession") was heard by this Court on October 29, 2020, at 10:30 a.m., in Courtroom 33 of the United States Bankruptcy Court for the Eastern District of California. The Debtor in Possession appeared through its counsel, Thomas A. Willoughby of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP. Other appearances

RECEIVED
November 04, 2020
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006885831

-1-

were noted on the record. The Court having made findings of fact and conclusions of law on the record and finding that notice was adequate under the circumstances and that good cause exists therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** to the extent provided herein.

2. The Debtor in Possession is authorized to use the cash collateral of First Northern Bank ("FNB") and Prudential Insurance Company of America ("Prudential") and any disputed producer lien creditors that may exist (collectively, "Secured Creditors") on an interim basis for the period beginning October 31, 2020 and ending December 11, 2020, for necessary expenses in the amount of $332,908 plus a 10% variance for emergencies during the harvest period pursuant to the terms of the Simplified Budget attached as Exhibit A (Docket No. 207) to the Declaration of Russell Burbank in Support of Debtor in Possession's Simpliefied Cash Collateral Budget for October 2020 Through December 2020 (Docket No. 206). With respect to any real property taxes due on December 10, 2020, in the amount of $99,757, such payments, which are not included in the above authorization, may only be made with the consent of Secured Creditors and the agreement of the Debtor in Possession.

3. In addition to the existing rights and interests of the Secured Creditors in the Cash Collateral and for the purpose of attempting to provide adequate protection for the interests of the Secured Creditors, to the extent of any diminution in Secured Creditor's interest in the Debtor in Possession's pre-petition cash collateral caused by Debtor in Possession's post-petition use of such pre-petition cash collateral, Secured Creditors are granted:

    a. A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Debtor in Possession's post-petition cash collateral and proceeds thereof to the same extent and with the same priority that Secured Creditors' held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date, (the "Cash Collateral Replacement Lien");

    b. A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Conservation Easement, as defined in the

Motion, to the same extent and with the same priority that Secured Creditors held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "Conservation Easement Replacement Lien");

        c.      The Conservation Easement Replacement Lien shall be subordinated to all the expenses of administration (including professional fees) of any trustee later appointed in this case pursuant to Local Rule 4001-1(c)(4)(B);

    4.      In addition to the existing rights and interests of FNB in the Cash Collateral and for the purpose of attempting to provide adequate protection for the interests of FNB, to the extent of any diminution in FNB's interest in the Debtor in Possession's pre-petition cash collateral caused by Debtor in Possession's post-petition use of such pre-petition cash collateral, FNB, is granted:

        a.      A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Putah Creek Road real property, as defined in the Motion to the same extent and validity of the lien of FNB held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "Putah Creek Replacement Lien");

        b.      The Putah Creek Replacement Lien shall be subordinated to all the expenses of administration (including professional fees) of any trustee later appointed in this case pursuant to Local Rule 4001-1(c)(4)(B);

        c.      To the extent that FNB does not already possess a valid, first priority lien in the Debtor in Possession's crops now growing or grown in the 2020 crop year (the "2020 Crops"), a valid, perfected, and enforceable priming first-priority priming lien, to the extent it does not already possess such a lien, under Sections 105, 361(2), and 364(d) of the Bankruptcy Code on the 2020 Crops, senior in priority to any other security interests and liens in the 2020 Crops, to the same extent and with the same priority that Secured Creditors held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "Post-Petition Crop Lien");

    5.      The Cash Collateral Replacement Lien, the Conservation Easement Replacement Lien, the Putah Creek Replacement Lien, and the Post-Petition Crop Lien (collectively the "Replacement Liens") are automatically deemed perfected upon entry of this Order without the

necessity of Secured Creditors taking possession, filing financing statements, mortgages or other documents. The Replacement Collateral herein granted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of the Secured Creditors on the Petition Date; and (ii) shall secure the payment of indebtedness to the Secured Creditors in an amount equal to the actual diminution in value of the Cash Collateral on and after the Petition Date resulting from the Debtor in Possession's use of Cash Collateral;

6.　In addition to the Replacement Collateral granted to the Secured Creditors pursuant to this Final Order, the Secured Creditors are hereby granted a super-priority administrative claim under Sections 503(b)(1), 507(a), and 507(b) of the Bankruptcy Code (the "507(b) Claims") for the amount by which adequate protection afforded herein for the amount of the diminution in Secured Creditors' pre-petition cash collateral after all Replacement Liens have been exhausted. Such 507(b) Claims shall have priority over all other costs and expenses of the kind specified in or ordered pursuant to Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 of the Bankruptcy Code, except for the Office of the United States Trustee Fees;

7.　Except as provided herein in paragraph 4(c) above, none of the Replacement Liens shall prime or impair any valid and previously perfected security or lien interests in the replacement collateral. Nothing contained in this Order shall be deemed a finding with respect to adequate protection (as such term is defined in Section 361 of the Bankruptcy Code) of the interests of Secured Creditors.

a.　Within (7) days of the end of each week in which the Debtor in Possession uses cash collateral pursuant to the terms of this Order (a "Budgeted Week"), the Debtor in Possession shall provide weekly periodic accounts to the Secured Creditors' counsel that request such accountings setting forth the cash receipts and disbursements made by the Debtor in Possession under this Order -- such accounting shall include, a simple cash out cash in ledger or report, during the preceding Budgeted Week, and also a simple financial performance report for that same Budgeted Week that provides forecast receipts, actual receipts, forecast expenditures and actual expenditures;

　　　　　b.　　On November 25, 2020, the Debtor in Possession shall submit a simplified budget that provides forecast receipts, actual receipts, forecast expenditures and actual expenditures by week for each projected cash collateral month through at least the week ending February 28, 2021.

　　　　8.　　A continued interim hearing shall be held on the Debtor in Possession's Motion on December 10, 2020, at 10:30 a.m. in the above-entitled Court, with notice of said hearing to be served by the Debtor in Possession on or before November 25, 2020, 2020, on the United States Trustee, FNB, Prudential, and the 20 largest unsecured creditors identified in the list filed by the Debtor in Possession pursuant to Rule 4001(d) or the Federal Rules of Bankruptcy Procedure, and on all parties who have requested special notice pursuant to revisions of Rule 2002(i) of the Federal Rules of Bankruptcy Procedure.

　　　　9.　　The positions and reservations of rights taken in all prior oppositions and replies are preserved for subsequent hearings on this Motion.

　　　　10.　　Any supplemental oppositions to the Motion shall be filed on or prior to 3:01 p.m. on Monday, December 7, 2020, with any supplemental reply being filed on or prior to 12:00 noon on Wednesday December 9, 2020.

Dated: November 09, 2020

By the Court

*Ronald H. Sargis, Judge*
United States Bankruptcy Court

Approved as to Form:

| PRUDENTIAL INSURANCE COMPANY OF AMERICA | KRAFT LAW |
|---|---|
| By: /s/ Jason DeJonker<br>Jason DeJonker, Counsel for Prudential Life Insurance Company | By: /s/ Douglas Kraft<br>Douglas Kraft, Counsel for First Northern Bank of Dixon |