**4 PAGES**
Jason J. DeJonker (*pro hac vice admission granted*)
Nicholas R. Marcus (*pro hac vice admission granted*)
**Bryan Cave Leighton Paisner LLP**
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone 312.602.5005
Jason.DeJonker@bryancave.com
Nick.Marcus@bryancave.com

**Counsel for Secured Creditor**
**The Prudential Insurance Company of America**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-24123-E-11 |
| RUSSELL WAYNE LESTER, an ) | Chapter 11 |
| Individual d/b/a Dixon Rudge Farms ) | |
| ) | DC No. FWP-2 |
| ) | Date:  February 4, 2021 |
| Debtor. ) | Time:  10:30 a.m. |
| ) | Place:  501 I Street |
| ) |          Sacramento, CA |
| ) |          Ctrm. 33, 6th Flr. |
| ) | Judge: Hon. Ronald H. Sargis |
| ) | |

**SECURED CREDITOR PRUDENTIAL'S FOURTH**
**SUPPLEMENTAL, CONDITIONAL OBJECTION TO DEBTOR'S MOTION**
**FOR AN ORDER AUTHORIZING FINAL USE OF CASH COLLATERAL**
**AND GRANTING REPLACEMENT LIENS AND RESERVATION OF RIGHTS**

Secured creditor Prudential,[1] as secured lender to Debtor, through counsel, files this *Fourth Supplemental, Conditional Objection and Reservation of Rights* (the "**Fourth Supplemental Objection**") to *Debtor's Motion for an Order Authorizing Final Use of Cash Collateral and Granting Replacement Liens* (the "**Motion**") and states as follows:

---

[1]     Capitalized terms used but not otherwise defined herein shall have the same meaning as ascribed to them in Prudential's *Objection to Debtor's Motion for an Order Authorizing Final Use of Cash Collateral and Granting Replacement Lien* (the "**Initial Objection**"), the Supplemental Objection, the Second Supplemental Objection, and Prudential's *Third Supplemental, Conditional Objection to Debtor's Motion for an Order Authorizing Final Use of Cash Collateral and Granting Replacement Lien* (the "**Third Supplemental Objection**"), filed with this Court on December 7, 2020 (Docket No. 281).

## I.     **<u>Objection</u>.**

1.     Since the October 1, 2020 interim cash collateral hearing, Debtor and Prudential have held negotiations regarding cash collateral and Debtor's reorganization.  While they have made progress in these negotiations, they have been unable to reach a consensual plan.  On December 17, 2020 Debtor filed its proposed chapter 11 plan of reorganization (the "**<u>Plan</u>**") and disclosure statement (the "**<u>Disclosure Statement</u>**").  While the specific terms of the Plan and Disclosure Statement differ from those discussed during the negotiations, the basic premise remains familiar: using inventory, proceeds of the conservation easement, and sales of Prudential's real estate collateral in the midst of a depressed and uncertain walnut market.

2.     As a result, Prudential remains concerned about the direction of Debtor's bankruptcy case and ability to reorganize.  Such issues relate not only to the value of Debtor's existing inventory (much of which is significantly dated), but also to the value of Debtor's real property (most of which is subject to Prudential's liens and security interests) and the near- and medium-term viability of the walnut market and Debtor's operations therein.

3.     In addition, since filing the Second Supplemental Objection, Debtor has shared updated financial information showing significant declines in crop yields in 2020 compared to Debtor's initial forecast while Debtor's crop yields over the last several years have maintained a downward trend.  These results only further Prudential's concerns regarding the walnut market and Debtor's operations.

4.     Meanwhile, Debtor has provided minimal information regarding the walnut market, its financial projections for 2021, changes to its operations to reach breakeven status, or the conservation easement.

5.     As such, Prudential restates and reiterates the objections and reservations of rights made in the Initial Objection, the Supplemental Objection, the Second Supplemental Objection, and the Third Supplemental Objection.

6.     Nonetheless, despite these objections, Prudential will conditionally consent to Debtor's requested use of cash collateral (through March 31, 2021) to better allow for adjudication of the proposed Plan and Disclosure Statement and any alternative plan that may be proposed in connection with Debtor's case.  Prudential's foregoing consent is premised on: (a) Prudential receiving interest payments as set forth in the Loan Documents, as adequate protection, which interest payments were originally proposed in Debtor's initial 13-week budget and cash collateral motion; and (b) payment of Prudential's legal fees and costs (which is typical for a fully (if not over) secured creditor in a Chapter 11 bankruptcy case).[2]

## II.    Reservation of Rights

7.     Nothing in this Fourth Supplemental Objection is intended to be or should be considered an acceptance of the property valuations submitted by Debtor.  Prudential reserves all rights to challenge such valuations and has recently engaged a local firm to appraise the value of its real estate collateral, the cost of which shall be added to the secured indebtedness Debtor owes to Prudential.

8.     Finally, Prudential has not seen a draft of the proposed Final Cash Collateral Order. As a result, Prudential may have additional objections based upon the language of such order and reserves the right to make such further objections.

---

[2]     As set forth in the Third Supplemental Objection, the total amount required to bring Prudential current as of January 1, 2021 is $1,201,790.94, which includes $966,108.89 in unpaid interest and $215,682.05 in legal fees and costs.  Prudential can supplement this amount as necessary, which amount has continued to increase since January 1, 2021.

III.     __Conclusion__

WHEREFORE, Prudential respectfully requests that this Court decline to grant the relief requested without the modifications set forth in this Fourth Supplemental Objection and grant such other relief as this Court deems just and proper.

Dated: January 14, 2021

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _/s/ Nicholas R. Marcus_
Jason J. DeJonker (_pro hac vice admission granted_)
Nicholas R. Marcus (_pro hac vice admission granted_)
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone 312.602.5005
Jason.DeJonker@bryancave.com
Nick.Marcus@bryancave.com

**Attorneys for Secured Creditor**
**The Prudential Insurance Company of America**