Filed 03/30/21    Case 20-24123    Doc 508

8 PAGES
THOMAS A. WILLOUGHBY, State Bar No. 137597
LAUREN M. KAWANO, State Bar No. 309273
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com
e-mail: lkawano@ffwplaw.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RUSSELL WAYNE LESTER, an individual, dba Dixon Ridge Farms,<br><br>        Debtor in Possession. | CASE NO.: 20-24123-E-11<br>Chapter 11<br><br>DCN: FWP-2<br><br>Date:      March 25, 2021<br>Time:     10:30 a.m.<br>Courtroom: Judge Ronald H. Sargis<br>                 Modesto Division<br>                 1200 I Street, Suite 200<br>                 Modesto, CA |

**EIGHTH INTERIM ORDER ON DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR AN ORDER (A) AUTHORIZING INTERIM AND FINAL USE OF CASH COLLATERAL; (B) GRANTING REPLACEMENT LIENS; AND (C) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

The eighth preliminary hearing on the Emergency Motion for an Order (A) Authorizing Interim and Final Use of Cash Collateral; (B) Granting Replacement Liens; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 (the "Motion"), submitted by the above-captioned Debtor in Possession ("Debtor in Possession") was heard by this Court on March 25, 2021 at 10:30 a.m., in the Modesto Division of the United States Bankruptcy Court for the Eastern District of California. The Debtor in Possession appeared through its counsel, Thomas A. Willoughby of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP. Other appearances were

RECEIVED
March 29, 2021
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006950640

-1-

noted on the record. The Court having made findings of fact and conclusions of law on the record and finding that notice was adequate under the circumstances and that good cause exists therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** to the extent provided herein.

2. The Debtor in Possession is authorized to use the cash collateral of First Northern Bank ("FNB") and Prudential Insurance Company of America ("Prudential") and any disputed producer lien creditors that may exist (collectively, "Secured Creditors") on an interim basis for the period beginning March 27, 2021 and ending April 8, 2021, for necessary expenses in the amount of $75,266.00 plus a 10% variance for emergencies through the week of April 8, 2021 as set forth in the budget attached hereto as **Exhibit A**.

3. In addition to the existing rights and interests of the Secured Creditors in the Cash Collateral and for the purpose of attempting to provide adequate protection for the interests of the Secured Creditors, to the extent of any diminution in Secured Creditor's interest in the Debtor in Possession's pre-petition cash collateral caused by Debtor in Possession's post-petition use of such pre-petition cash collateral, Secured Creditors are granted:

   a. A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Debtor in Possession's post-petition cash collateral and proceeds thereof to the same extent and with the same priority that Secured Creditors held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date, (the "Cash Collateral Replacement Lien");

   b. A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Conservation Easement, as defined in the Motion, to the same extent and with the same priority that Secured Creditors held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "Conservation Easement Replacement Lien");

   c. The Conservation Easement Replacement Lien shall be subordinated to all the expenses of administration (including professional fees) of any trustee later appointed in this case pursuant to Local Rule 4001-1(c)(4)(B);

4. In addition to the existing rights and interests of FNB in the Cash Collateral and for the purpose of attempting to provide adequate protection for the interests of FNB, to the extent of any diminution in FNB's interest in the Debtor in Possession's pre-petition cash collateral caused by Debtor in Possession's post-petition use of such pre-petition cash collateral, FNB, is granted:

    a. A valid, perfected, and enforceable replacement lien under Sections 105, 361(2), and 363(e) of the Bankruptcy Code in the Putah Creek Road real property, as defined in the Motion to the same extent and validity of the lien of FNB held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "Putah Creek Replacement Lien");

    b. The Putah Creek Replacement Lien shall be subordinated to all the expenses of administration (including professional fees) of any trustee later appointed in this case pursuant to Local Rule 4001-1(c)(4)(B);

    c. To the extent that FNB does not already possess a valid, first priority lien in the Debtor in Possession's crops now growing or grown in the 2020 crop year (the "2020 Crops"), a valid, perfected, and enforceable priming first-priority priming lien, to the extent it does not already possess such a lien, under Sections 105, 361(2), and 364(d) of the Bankruptcy Code on the 2020 Crops, senior in priority to any other security interests and liens in the 2020 Crops, to the same extent and with the same priority that Secured Creditors held in the Debtor in Possession's pre-petition cash collateral as of the Petition Date (the "Post-Petition Crop Lien");

5. The Cash Collateral Replacement Lien, the Conservation Easement Replacement Lien, the Putah Creek Replacement Lien, and the Post-Petition Crop Lien (collectively the "Replacement Liens") are automatically deemed perfected upon entry of this Order without the necessity of Secured Creditors taking possession, filing financing statements, mortgages or other documents. The Replacement Collateral herein granted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of the Secured Creditors on the Petition Date; and (ii) shall secure the payment of indebtedness to the Secured Creditors in an amount equal to the actual diminution in value of the Cash Collateral on and after the Petition Date resulting from the Debtor in Possession's use of Cash Collateral;

6. In addition to the Replacement Collateral granted to the Secured Creditors pursuant to this Final Order, the Secured Creditors are hereby granted a super-priority administrative claim under Sections 503(b)(1), 507(a), and 507(b) of the Bankruptcy Code (the "507(b) Claims") for the amount by which adequate protection afforded herein for the amount of the diminution in Secured Creditors' pre-petition cash collateral after all Replacement Liens have been exhausted. Such 507(b) Claims shall have priority over all other costs and expenses of the kind specified in or ordered pursuant to Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 of the Bankruptcy Code, except for the Office of the United States Trustee Fees;

7. Except as provided herein in paragraph 5(c) above, none of the Replacement Liens shall prime or impair any valid and previously perfected security or lien interests in the replacement collateral. Nothing contained in this Order shall be deemed a finding with respect to adequate protection (as such term is defined in Section 361 of the Bankruptcy Code) of the interests of Secured Creditors.

8. Within (7) days of the end of each week in which the Debtor in Possession uses cash collateral pursuant to the terms of this Order (a "Budgeted Week"), the Debtor in Possession shall provide weekly periodic accounts to the Secured Creditors' counsel that request such accountings setting forth the cash receipts and disbursements made by the Debtor in Possession under this Order -- such accounting shall include, a simple cash out cash in ledger or report, during the preceding Budgeted Week, and also a simple financial performance report for that same Budgeted Week that provides forecast receipts, actual receipts, forecast expenditures and actual expenditures;

9. A final hearing shall be held on the Debtor in Possession's Motion on April 8, 2021, at 2:00 p.m. in the Modesto Division of the above-entitled Court.

10. The positions and reservations of rights taken in all prior oppositions and replies are preserved for subsequent hearings on this Motion.

//
//
//

11. Any supplemental oppositions to the Motion shall be filed on or prior to April 5, 2021. Any reply to any supplemental opposition shall be filed on or prior to 10:00 a.m. on April 7, 2021.

Dated: March 30, 2021

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

Approved as to Form:

**PRUDENTIAL INSURANCE COMPANY OF AMERICA**

By: */s/ Jason J. DeJonker*
Jason J. DeJonker, Counsel for Prudential Life Insurance Company

**KRAFT LAW**

By: _____
Douglas Kraft, Counsel for First Northern Bank of Dixon

# EXHIBIT A

|  | APRIL BUDGET | | | MAY BUDGET | | |
|---|---|---|---|---|---|---|
|  | April Forecast | Amebded 13 Week Cash Budget April | April Variance | May Forecast | Amebded 13 Week Cash Budget April | May Variance |
| **OPERATING STATISTICS** | | | | | | |
| Walnuts Harvested (lbs) | - | - | - | - | - | - |
| In-Shell Shipped (lbs) | 500 | 500 | - | 400 | 400 | - |
| Meats Shipped (lbs) | 75,000 | 75,000 | - | 60,000 | 60,000 | - |
| **SALES (INVOICES)** | | | | | | |
| In-Shell | 625 | 625 | - | 500 | 500 | - |
| Processed Meats | 300,000 | 300,000 | - | 240,000 | 240,000 | - |
| Custom Work/Wire Costs/Late Charges/Oil/Other | - | - | - | - | - | - |
| Total | 300,625 | 300,625 | - | 240,500 | 240,500 | - |
| **UNIT SALES PRICES ($/LB)** | | | | | | |
| In-Shell | $ 1.25 | $ 1.25 | $ - | $ 1.25 | $ 1.25 | $ - |
| Processed Meats | $ 4.00 | $ 4.00 | $ - | $ 4.00 | $ 4.00 | $ - |
| **ACCOUNTS RECEIVABLE** | | | | | | |
| Beginning Balance | $ 493,551 | $ 493,551 | $ - | $ 524,345 | $ 524,345 | $ - |
| Add: Invoices | $ 300,625 | $ 300,625 | $ - | $ 240,500 | $ 240,500 | $ - |
| Less: Receipts | $ (269,832) | $ (269,832) | $ - | $ (215,865) | $ (215,865) | $ - |
| Ending Balance | $ 524,345 | $ 524,345 | $ - | $ 548,979 | $ 548,979 | $ - |
| **CASH RECEIPTS** | | | | | | |
| TOTAL CASH RECEIPTS | $ 278,486 | $ 278,486 | $ - | $ 222,788 | $ 222,788 | $ - |
| **CASH DISBURSEMENTS** | | | | | | |
| Labor & Related Total | $ 145,500 | $ 145,500 | $ - | $ 97,000 | $ 97,000 | $ - |
| Farming Total | $ 30,217 | $ 30,217 | $ - | $ 24,048 | $ 24,048 | $ - |
| Processing Total | $ 40,162 | $ 40,162 | $ - | $ 32,130 | $ 32,130 | $ - |
| Administrative Total | $ 48,808 | $ 48,808 | $ - | $ 46,682 | $ 46,682 | $ - |
| Other Operating Total | $ 33,846 | $ 33,846 | $ - | $ 23,077 | $ 23,077 | $ - |
| Financing Total | $ 153 | $ 153 | $ - | $ 122 | $ 122 | $ - |
| Professional (Restructuring) Total | $ 10,000 | $ 10,000 | $ - | $ 5,000 | $ 5,000 | $ - |
| **TOTAL CASH DISBURSEMENTS** | $ 308,686 | $ 308,686 | $ - | $ 228,058 | $ 228,058 | $ - |
| **NET CASH FLOW** | | | | | | |
| NET CASH FLOW | $ (30,201) | $ (30,201) | $ - | $ (5,270) | $ (5,270) | $ - |
| **CASH (BOOK) BALANCE** | | | | | | |
| Beginning Book Balance | $ 556,025 | $ 556,025 | $ - | $ 525,824 | $ 525,824 | $ - |
| Add: Net Cash Flow | $ (30,201) | $ (30,201) | $ - | $ (5,270) | $ (5,270) | $ - |
| **ENDING BOOK BALANCE** | $ 525,824 | $ 525,824 | $ - | $ 520,554 | $ 520,554 | $ - |

3/29/2021

| | JUNE BUDGET | | | AMENDED 13 WEEK CASH BUDGET MARCH 26 THRU JUNE 25 | | |
|---|---|---|---|---|---|---|
| | June Forecast | Amebded 13 Week Cash Budget April | June Variance | Forecast | Budget | Variance |
| **OPERATING STATISTICS** | | | | | | |
| Walnuts Harvested (lbs) | - | - | - | - | - | - |
| In-Shell Shipped (lbs) | 400 | 400 | - | 1,300 | 1,300 | - |
| Meats Shipped (lbs) | 60,000 | 60,000 | - | 195,000 | 195,000 | - |
| **SALES (INVOICES)** | | | | | | |
| In-Shell | 500 | 500 | - | 1,625 | 1,625 | - |
| Processed Meats | 240,000 | 240,000 | - | 780,000 | 780,000 | - |
| Custom Work/Wire Costs/Late Charges/Oil/Other | - | - | - | - | $  - | - |
| Total | 240,500 | 240,500 | - | $ 781,625 | $ 781,625 | $ - |
| **UNIT SALES PRICES ($/LB)** | | | | | | |
| In-Shell | $ 1.25 | $ 1.25 | $ - | $ 1.25 | $ 1.25 | $ - |
| Processed Meats | $ 4.00 | $ 4.00 | $ - | $ 4.00 | $ 4.00 | $ - |
| **ACCOUNTS RECEIVABLE** | | | | | | |
| Beginning Balance | $ 548,979 | $ 548,979 | $ - | $ 493,551 | $ 493,551 | $ - |
| Add:  Invoices | $ 240,500 | $ 240,500 | $ - | $ 781,625 | $ 781,625 | $ - |
| Less:  Receipts | $ (215,865) | $ (215,865) | $ - | $ (701,562) | $ (701,562) | $ - |
| Ending Balance | $ 573,614 | $ 573,614 | $ - | $ 573,614 | $ 573,614 | $ - |
| **CASH RECEIPTS** | | | | | | |
| TOTAL CASH RECEIPTS | $ 222,788 | $ 222,788 | $ - | $ 724,062 | $ 724,062 | $ - |
| **CASH DISBURSEMENTS** | | | | | | |
| Labor & Related Total | $ 97,000 | $ 97,000 | $ - | 339,500 | 339,500 | - |
| Farming Total | $ 24,048 | $ 24,048 | $ - | 78,312 | 78,312 | - |
| Processing Total | $ 32,130 | $ 32,130 | $ - | $ 104,422 | $ 104,422 | $ - |
| Administrative Total | $ 46,682 | $ 46,682 | $ - | $ 142,172 | $ 142,172 | $ - |
| Other Operating Total | $ 23,077 | $ 23,077 | $ - | 80,000 | 80,000 | - |
| Financing Total | $ 122 | $ 122 | $ - | 397 | 397 | - |
| Professional (Restructuring) Total | $ 5,302 | $ 5,302 | $ - | 20,302 | 20,302 | - |
| **TOTAL CASH DISBURSEMENTS** | $ 228,360 | $ 228,360 | $ - | $ 765,105 | $ 765,105 | $ - |
| **NET CASH FLOW** | | | | | | |
| NET CASH FLOW | $ (5,572) | $ (5,572) | $ - | $ (41,043) | $ (41,043) | $ - |
| **CASH (BOOK) BALANCE** | | | | | | |
| Beginning Book Balance | $ 520,554 | $ 520,554 | $ - | $ 556,025 | $ 556,025 | $ - |
| Add:  Net Cash Flow | $ (5,572) | $ (5,572) | $ - | $ (41,043) | $ (41,043) | $ - |
| **ENDING BOOK BALANCE** | $ 514,982 | $ 514,982 | $ - | $ 514,982 | $ 514,982 | $ - |